478

## In re J. F.

[365 A.2d 258]

No. 214-75

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed October 5, 1976

*M. Jerome Diamond,* Attorney General and *Peter M. Bluhm,* Assistant Attorney General, Montpelier, for Plaintiff.

*Patrick R. Berg* and *Eugene Rakow,* Vermont Legal Aid, Inc., Rutland, for Defendant.

Smith, J. The present case comes before this Court on appeal from the decision of the District Court of Vermont, Unit No. 1, Rutland Circuit. The proceedings in that court were initiated by appellant J. F.'s mother, who brought a petition seeking J. F.'s commitment under 18 V.S.A. § 7601 et seq. Following a hearing, at which the mother and Dr. John R. Ross, Jr., a psychiatrist at Rutland Mental Health, Inc. testified, the court issued its order committing J. F. to the Vermont State Hospital pursuant to 18 V.S.A. § 7504, on the grounds that she was mentally ill and posed a substantial risk of injury to herself if allowed to remain at liberty. Appellant has taken her appeal from this order, contending that (1) it lacks evidentiary support; (2) that the court erred in its ruling as to the admission of certain testimony and evidence; and (3) that the involuntary commitment statute, 18 V.S.A. § 7606, violates

the Due Process Clause of the Fourteenth Amendment to the United States Constitution and chapter I, article X of the Vermont Constitution.

Subsequent to the filing of this appeal, the State sought review of the case under authority of 18 V.S.A. § 7801 before the Waterbury District Court. The matter was submitted on the evidence, and on September 10, 1976, the court issued its findings and order denying the application for discharge and directing J. F.'s continued hospitalization and treatment.

As mandated by 18 V.S.A. § 7801, the review proceedings in Waterbury District Court were conducted in accordance with the standards set forth in 18 V.S.A. § 7601 et seq., the same provisions that governed the original committal action in Rutland District Court. In effect, then, this second hearing was a relitigation of the entire case. Accordingly, it is our opinion that the matter is moot.

In the instant case the role of the Waterbury District Court in the review process established by 18 V.S.A. § 7801 is not pro forma in nature. Instead the court is directed to perform judicial acts to be taken exclusively on the basis of the evidence and the exercise of its judgment and discretion thereon. Thus, all the points appellant contends were erroneously litigated in the original hearing have been subjected to relitigation and judicial determination before the Waterbury District Court. Any further review by this Court of the proceeding of the Rutland District Court would be merely academic and immaterial. See 5 Am.Jr.2d *Appeal and Error* § 762; *Summerskill* v. *Vermont Power & Manufacturing Co.*, 91 Vt. 251, 99 A. 1017 (1917). Further, appellant still retains an appellate remedy from the determination of the Waterbury District Court.

*Appeal dismissed.*